UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MC by and through his mother CP, AC by and through her mother, LP, IA by and through his father PA, ,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; JOEL KLEIN, in his official capacity as Chancellor of the New York City School District,<br>Defendants. | Civ. No.:  07 CV 8323 (RJH)<br>ECF CASE<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. This case is being brought by three families pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415, et. seq. based primarily on Defendants' failure to comply with the Impartial Due Process Hearing Orders issued under the IDEA in violation of Plaintiffs' rights under the due process clause of the 14th Amendment of the U.S. Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and New York State Education Law §§ 4401 *et. seq.*, and the regulations promulgated thereunder.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights; and under 42 U.S.C. § 1983.  This

Court has jurisdiction over Plaintiffs' pendent State law claims pursuant to 28 U.S.C. § 1367. Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. If successful, Plaintiffs are entitled to costs and attorneys fees under 42 U.S.C. § 1988 and 20 U.S.C. §1415.

## PARTIES

5. Plaintiff CP is the mother of MC, a child with a disability who resides in New York City.

6. Plaintiff LP is the mother of AC, a child with a disability who resides in New York City.

7. Plaintiff PA is the father of IA, a child with a disability who resides in New York City.

8. Initials are used throughout this Complaint to preserve the confidentiality of the infant plaintiffs.

9. Upon information and belief, Defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department") is the official body charged with the responsibility for developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law §§ 2590, 2590-g (McKinney 1980). It is a recipient of federal financial assistance.

10. Defendant THE NEW YORK CITY BOARD OF EDUCATION ("the Board of Education" or "the Board") was or continues to be the official body charged with the responsibility for developing policies with respect to the administration and operation of

the public schools in the City of New York, including programs and services for students with disabilities.  N.Y. Educ. Law §§ 2590, 2590-g (McKinney 1980).  It is a recipient of federal financial assistance.

11. Defendant JOEL KLEIN is the Chancellor of the New York City School District ("the Chancellor") and as such is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h.

## LEGAL FRAMEWORK

12.  The IDEA, 20 U.S.C. 1401 et. seq., is a comprehensive scheme passed by Congress to rectify grave deficiencies in the educational opportunities afforded students with disabilities, and to "assure that all children with disabilities have available to them a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, [and] to assure that the rights of children with disabilities and their parents or guardians are protected." § 1400(d)(1)(A) and (B).

13.  Upon information and belief, Defendants are recipients of funding under the IDEA, 20 U.S.C. § 1400-1487, and, as such have the responsibility to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate education."  20 U.S.C. § 1415(a).

14. One of the most important procedural safeguard provided to parents under the IDEA is the opportunity for an impartial due process hearing to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.

15. The hearing shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency. 20 U.S.C. § 1415(f).

16. New York State law authorizes an aggrieved parent to file for an impartial hearing with the Board of Education, which is then responsible for assigning a hearing officer, scheduling a hearing and providing a location for the hearing. A parent must wait up to 45 days to receive a decision. N.Y. COMP. CODES R. & REGS. TIT. 8 § 200.5 (2007). After a decision is issued, an aggrieved parent or district has 30 days in which to appeal to the State Review Officer.

17. A decision rendered in a hearing is final, unless either party elects to appeal. 20 U.S.C. § 1415(i).

18. The IDEA permits disabled children to vindicate their educational rights through other statutes, including 42 U.S.C. § 1983. See 20 U.S.C. §1415(l)

### FACTUAL ALLEGATIONS OF THE INDIVIDUAL PLAINTIFFS

19. Plaintiff MC is a 13 year old child with a disability who is reading at the low elementary level.

20. His mother, CP, filed a hearing in June 2007 to contest the Defendants' offered Individual Education Program (IEP) and to keep her son is his then-current school, Greenburgh Graham. A decision was issued in the case dated August 16, 2007 requiring Defendants to grant relief for CP as well as two rulings against CP. Defendants have neither enforced nor appealed the ruling in CP's favor.

21. CP has filed a notice of intention to appeal and served a petition for appeal of the unfavorable rulings against her.

22. Defendants have also failed to enforce MC's stay-put or pendency rights under the IDEA.

23. Plaintiff AC is a 4.8 year-old girl with Di George Syndrome. She has been classified as having a disability under the IDEA by Defendants.

24. AC's mother, LP, filed an impartial hearing on August 22, 2007 and received a Pendency Order granting certain emergency and other relief on September 21, 2007. Defendants have not complied with the Order.

25. Defendants have alleged it will be difficult for them to comply with the Order due to shortages.

26. Defendants have also failed to implement AC's pendency rights since her mother filed the hearing.

27. Plaintiff IA is a child with a disability who has suffered significant periods in his life illegally deprived of special education services.

28. Pursuant to a hearing decision issued on July 5, 2007, he was supposed to receive related services and home instruction over the summer and until such time as he was re-evaluated and the NYC DOE provided an appropriate IEP and placement.

29. IA did not get most of his related services over the summer.

30. Although he had home instruction over the summer, it stopped and he has not been getting any home instruction since the start of the school year.

31. The claims of the Plaintiffs concerning enforcement of Orders are related to those of the class members in LV v. New York City Department of Education.

32. Upon information and belief, throughout New York City, Impartial Hearing Orders and settlements are not being enforced and implementation is not occurring in a timely, effective and comprehensive manner.

33. Defendants continue to lack effective policy and procedures to protect the rights of vulnerable children and families who seek due process.

34. Defendants failed to have effective procedures in place to protect the pendency or stay-put rights of the Plaintiffs. Although pendency is to be automatic, Defendants did not treat it as so.

35. In the case of both MC and AC the children were denied pendency placement for several weeks or months even after their hearings were filed.

36. Defendants' failure to enforce Orders and pendency caused and continue to cause Plaintiffs to suffer irreparable harm.

37. Having won or settled favorable Impartial Hearing Orders, the Plaintiffs have no further administrative remedy, and thus exhaustion is futile and not required.

38. As pendency is considered an automatic injunction, Plaintiffs are not required to exhaust administrative remedies prior to seeking enforcement of pendency rights.

39. AC should not be required to exhaust administrative remedies as to the additional claims, as exhaustion is futile and will not proceed quickly enough to ensure she will not suffer irreparable harm.

## CAUSES OF ACTION OF ALL PLAINTIFFS

40. Defendants' failure to afford effective and meaningful due process rights that include timely enforcement of Orders violated the Plaintiffs' rights under the due process clause of the 14th Amendment to the Constitution of the United States.

41. Defendants' failure to implement orders deprived them of their right to a free appropriate public education and due process under IDEA and the regulations promulgated thereunder, and thus deprives them of rights secured by federal law in violation of 42 U.S.C. § 1983.

42. Defendants' failure to implement orders deprived them of their rights under Section 504 of the Rehabilitation Act of 1973.

43. Defendants have violated the rights of the Plaintiffs under New York State Education Law § §4401, 4404 and 4410 and Section 200.5 of the Regulations of the New York State Commissioner of Education, 8 N.Y.C.R.R. § 200.5.

## ADDITIONAL CAUSES OF ACTION FOR LP AND AC; CP AND MC

44. Defendants' failure to enforce pendency rights deprived them of their rights under the IDEA and thus deprives them of rights secured by federal law in violation of 42 U.S.C. § 1983.

45. Defendants have violated the rights of the Plaintiffs under New York State Education Law and 8 N.Y.C.R.R. § 200.5 pertaining to pendency.

## RELIEF

46. WHEREFORE, Plaintiffs request that this Court:

    a. Issue a TRO and preliminary injunction:

        i. Ordering Defendants to immediately comply with and implement the provisions of the Impartial Hearing Orders of the Plaintiffs;

        ii. Ordering Defendants to enforce the pendency rights of Plaintiffs;

      iii. Ordering Defendants to immediately implement the provisions of AC's order that directs the NYC DOE to provide her with three extra sessions of Speech and Feeding Services each week;

      iv. Ordering Defendants to immediately conduct an appropriate feeding evaluation for AC.

b. Enter a judgment:

      i. Ordering compensatory education, other equitable relief and damages due to Plaintiffs as a result of the failures or delay in implementing orders or enforcement of pendency placements as alleged herein;

      ii. Declaring that Defendants have violated Plaintiffs' rights as set forth;

d. Award to Plaintiffs their costs and attorneys fees; and

e. Grant such other and further relief as may be appropriate.

Dated: September 24, 2007
New York, New York

Respectfully submitted,

*[signature: Elisa Hyman]*

By_____
Elisa Hyman (EFH4709)
Of Counsel
Friedman & Moses, LLP
233 Broadway, Suite 901
New York, NY 10279

8

Attorneys for the Plaintiffs