UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

M.C., *et al.*,

         Plaintiffs,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

         Defendants.

------------------------------------------------------------ x

**ANSWER**

07 Civ. 8323 (RJH)

   Defendants, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint dated September 24, 2007, respectfully allege as follows:

   1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

   2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

   3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to lay venue in this judicial district as stated therein.

   4. Deny the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

   5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that CP is the mother

of MC and that MC is a child with a disability within the meaning of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA").

    6.  Deny the allegations set forth in paragraph "6" of the Complaint, except admit that LP is the mother of AC and that AC was a child with a disability within the meaning of the IDEA.

    7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that PA is the father of IA and that IA is a child with a disability within the meaning of the IDEA.

    8.  Admit that plaintiffs purport to proceed as stated in paragraph "8" of the Complaint.

    9.  Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the New York City Department of Education (DOE) is a recipient of federal funds, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

    10.  Deny the allegations set forth in paragraph "10" of the Complaint, and affirmatively aver that the New York City Board of Education was renamed the New York City Department of Education in 2002.

    11.  Admit the allegations set forth in paragraph "11" of the Complaint.

    12.  Deny the allegations set forth in paragraph "12" of the Complaint, except affirmatively aver that the purposes of the IDEA are set forth in 20 U.S.C. § 1400(d) and respectfully refer the Court to that statute for a complete and accurate statement of its contents.

    13.  Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the DOE is a local educational agency as defined by the IDEA and receives federal

funds pursuant to the IDEA, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except affirmatively aver that, pursuant to the IDEA, parents and local educational agencies have an opportunity to present complaints at an impartial due process hearing, and respectfully refer the Court to 20 U.S.C. § 1415 for a complete and accurate statement of its contents.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that parents may request an impartial due process hearing, and respectfully refer the Court to title 8, part 200.5 of the New York Codes, Rules and Regulations for a complete and accurate statement of its contents, and to title 8, part 279.2 of the New York Codes, Rules and Regulations regarding time limits for seeking a State Review Officer's review of an impartial hearing officer's decision.

17. Deny the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to 20 U.S.C. § 1415(i) for a complete and accurate statement of its contents.

18. Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to 20 U.S.C. § 1415(l) for a complete and accurate statement of its contents.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that MC is a child with a disability within the meaning of the IDEA.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except deny knowledge or information sufficient to form a belief as to when CP requested an impartial hearing on behalf of MC, admit that MC was enrolled at Greenburgh-Graham School, and respectfully refer the Court to the August 16, 2007 decision for a complete and accurate statement of its provisions.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that AC was classified as a child with a disability within the meaning of the IDEA.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that LP requested an impartial hearing by letter dated August 22, 2007, and respectfully refer the Court to the September 21, 2007 order for a complete and accurate statement of its provisions.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that IA is a child with a disability within the meaning of the IDEA.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the July 5, 2007 decision for a complete and accurate statement of its provisions.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that IA received home instruction during the summer and that it ceased at the end of the summer session, and affirmatively aver that home instruction recommenced in September.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

42. Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

43. Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

44. Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

45. Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE:

47. Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

48. Plaintiffs' claims are moot.

### AS AND FOR A THIRD DEFENSE:

49. The Court lacks subject matter jurisdiction.

### AS AND FOR A FOURTH DEFENSE:

50. Plaintiffs failed to exhaust their administrative remedies.

### AS AND FOR A FIFTH DEFENSE:

51. By Stipulation of Dismissal filed December 26, 2007, all claims raised in this action by plaintiffs CP and MC were voluntarily discontinued with prejudice and without costs to either party as against the other.

### AS AND FOR A SIXTH DEFENSE:

52. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully, and in good faith.

## AS AND FOR A SEVENTH DEFENSE:

53.     Defendants did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE**, defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           December 31, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street, Room 2-301
        New York, N.Y. 10007
        (212) 788-0908
        Fax: (212) 788-0940
        tgantz@law.nyc.gov

        By: _____s/_____
           Toni Gantz (TG1198)
           Assistant Corporation Counsel

To:    Elisa Hyman, Esq.
       Friedman & Moses LLP
       233 Broadway, Suite 901
       New York, NY 10279
       (via ECF)